# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

IRA BOLES DYER III                                                                       PLAINTIFF

v.                                                CIVIL ACTION NO. 4:19-CV-P81-JHM

TAMBERLY MCCOY *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Ira Boles Dyer III leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims, allow others to proceed, and allow Plaintiff the opportunity to amend his complaint.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated as a convicted prisoner at the Daviess County Detention Center (DCDC). He brings this action against the following Defendants in both their official and individual capacities: Southern Health Partners (SHP) physician Tamberly McCoy; SHP mental healthcare provider Christy Dossett; DCDC Jailer Arthur Maglinger; and DCDC Major Jack Jones.

Plaintiff alleges that shortly before his incarceration, he had surgery on his left knee to repair his meniscus and anterior cruciate ligament (ACL). He alleges that, as a result of this surgery, he was placed in the DCDC medical pod under the care of SHP. Plaintiff alleges that upon his initial visit with Defendant McCoy, he advised her of his recent surgery and asked what his treatment plan would be. He alleges that Defendant McCoy responded, you "shouldn't have come to jail." He also alleges that Defendant McCoy told him "that there was nothing they could

do, [and that I] would be stuck in my leg brace." Plaintiff writes: "Because of this and constantly having to walk on my knee that stay in excruciating pain and swollen twice its size I fear I will be permanently disabled." Plaintiff states that despite numerous pleas for help, "the facility refuses to do anything to assist me."

Plaintiff also alleges that Defendant Dossett has recommended that he be prescribed medications for his diagnosis of post-traumatic stress disorder (PTSD), but that these "have repeatedly been denied despite numerous grievances and cries for help."

Plaintiff states that he is suing Defendants Maglinger and Jones for "superior liability."

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of a transfer to Kentucky State Reformatory.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*,

561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a § 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## A. Official-Capacity Claims

"[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Maglinger and Jones are actually against Daviess County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

Similarly, Plaintiff's official-capacity claims against Defendants McCoy and Dossett are actually against their employer, SHP. *See, e.g.*, *Smith v. Davis*, No. 5:17-CV-P187-GNS, 2018 U.S. Dist. LEXIS 41882, at *16 (W.D. Ky. Mar. 14, 2018) (finding official-capacity claim against a Correct Care Solutions (CCS) employee to be against CCS itself); *Prather v. Corr. Care Solutions*, No. 3:16-CV-P60-JHM, 2016 U.S. Dist. LEXIS 65363, at *12 (W.D. Ky. May 18, 2016) (same). The Sixth Circuit has held that the same analysis that applies to § 1983 claims brought against municipalities applies to private corporations contracted to provide medical services to inmates. *See, e.g.*, *Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (recognizing that a "*Monell* custom or policy claim" can be brought under § 1983 against a private corporation that provides medical care to inmates); *see also Braswell v. Corr. Corp. of Am.,* 419 F. App'x 622, 627 (6th Cir. 2011) (applying *Monell*'s municipal liability standard to the private corporation that had been contracted to operate a jail) (citing *Street v. Corr. Corp. of Am.*, 102 F. 3d. 810, 814 (6th Cir. 1996)).

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of his constitutional rights was the result of a custom or policy implemented or endorsed by Daviess County or SHP. As such, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

### 1. Defendants Maglinger and Jones

Plaintiff indicates that he seeks to hold Defendants Maglinger and Jones liable based upon their supervisory positions at DCDC. However, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors.[1] *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416,

---

[1] Moreover, it is not clear that these Defendants are the supervisors of the SHP Defendants.

421 (6th Cir. 1984). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Thus, because Plaintiff has failed to allege that Defendant Maglinger or Jones was actively involved in any of the alleged wrongdoing, the Court will dismiss the individual-capacity claims against them for failure to state a claim upon which relief can be granted.

### 2. Defendant Dossett

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. at 104). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective

component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 832). Mere negligence will not suffice. *Farmer v. Brennan*, 511 U.S. at 835-36.

Here, Plaintiff alleges that Defendant Dossett prescribed him medications for post-traumatic stress disorder (PTSD) but that these "have repeatedly been denied." Even if the Court were to assume for purposes of this initial review that a diagnosis of PTSD constitutes a serious medical need, Plaintiff's allegations do not suggest that Defendant Dossett was deliberately indifferent to this need. Rather, Plaintiff allegations indicate that she prescribed him medication(s) for this condition, but that someone else denied them.

Thus, because Plaintiff's allegations do not show that Defendant Dossett recklessly disregarded his diagnosis of PTSD, the Court will dismiss the individual-capacity claim against her for failure to state a claim upon which relief may be granted.

The Court will, however, allow Plaintiff the opportunity to amend his complaint to identify the individual who denied him access to the medication(s) prescribed by Defendant Dossett for PTSD. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### 3. Defendant McCoy

Based upon the allegations contained in the complaint, **the Court will allow an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical need to proceed against Defendant McCoy.** In allowing this claim to proceed, the Court passes no judgment upon the merit of the claim or the ultimate outcome of this action.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Maglinger, Jones, and Dossett are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The **Clerk of Court** is **DIRECTED** to **terminate these Defendants as parties to this action**.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claim against Defendant McCoy is **DISMISSED** for pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, **Plaintiff may file an amended complaint in which he names as a Defendant the individual who denied him access to the medication(s) prescribed by Defendant Dossett for PTSD and sues this Defendant in his/her individual capacity.[2] Plaintiff must also tender a summons form for the newly named Defendant.** The Court will conduct an initial review of the amended complaint in accordance with 28 U.S.C. § 1915A.

---

[2] If Plaintiff does not know the name of a specific individual, he may name a John or Jane Doe Defendant and seek information to identify the person's name through discovery should a claim against that Defendant proceed beyond initial review.

8

The **Clerk of Court** is **DIRECTED** to place this case number and word "Amended" on a § 1983 complaint form, along with a blank summons form, and send them to Plaintiff for his use should he decide to file an amended complaint.

After the 30-day period for filing an amended complaint has expired, the Court will enter a Service and Scheduling Order to govern the continuing claim(s).

Date: July 26, 2019

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.011